UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11 06 06

ARISTOCRAT LEISURE LIMITED,

     Plaintiff,

- against -

DEUTSCHE BANK TRUST COMPANY
AMERICAS, as Trustee,

     Defendant,

KBC FINANCIAL PRODUCTS UK LTD,
KBC ALPHA MASTER FUND SPC KBC
CONVERTIBLE OPPORTUNITIES
FUND, KBC ALPHA MASTER FUND
SPC KBC MULTI-STRATEGY
ARBITRAGE FUND, KBC ALPHA
MASTER FUND SPC KBC CONVERTIBLE
ARBITRAGE FUND,
AMARANTH LLC,
ALEXANDRA GLOBAL MASTER FUND,
LTD., UFJ INTERNATIONAL PLC,
DEEPHAVEN INTERNATIONAL
CONVERTIBLE TRADING, LTD.,
CALAMOS ADVISORS LLC ON BEHALF
OF CALAMOS GROWTH AND INCOME
FUND, CALAMOS GLOBAL GROWTH
AND INCOME FUND AND CERTAIN
OTHER INSTITUTIONAL CLIENTS,
CQS CONVERTIBLE AND
QUANTITATIVE STRATEGIES
MASTER FUND LTD., D.E. SHAW
INVESTMENT GROUP, LLC, D.E.
SHAW
VALENCE INTERNATIONAL, INC, and
QVT FUND LP,

     Intervening Defendants.

**OPINION AND ORDER**

04 Civ. 10014(PKL)

**APPEARANCES**

KELLOGG, HUBER, HANSEN, TODD, EVANS & FIGEL, P.L.L.C.
Mark C. Hansen, Esq.
1615 M Street, N.W., Suite 400
Washington, D.C.   20036
Michael K. Kellogg, Esq.
Mark L. Evans, Esq.
Antonia M. Apps, Esq.

Attorneys for the Plaintiff

CAHILL GORDON & REINDEL L.L.P
Charles S. Gilman, Esq.
80 Pine Street
New York, New York 10005
Oreste P. McClung, Esq.

Attorneys for the Defendant Trustee

CLEARY GOTTLIEB STEEN & HAMILTON L.L.P
Evan A. Davis, Esq.
One Liberty Plaza
New York, New York 10006

Attorneys for the Intervening Defendants

**LEISURE, District Judge:**

This case concerns the conversion of convertible bonds issued
by Aristocrat Leisure Limited ("Aristocrat"). Aristocrat
initiated this suit against the defendant indenture trustee (the
"Trustee"), seeking reformation of the trust indenture (the
"Indenture") governing those convertible bonds. Aristocrat also
sought a declaration that it had the immediate right to call the
bonds and that its call for redemption terminated the bondholders
rights to convert their bonds. Several bondholders intervened as
defendants (such intervening defendants, the "Bondholders") and
counterclaimed, seeking a declaratory judgment that the notices of
conversion that certain Bondholders had already filed were valid
and effective. (Ans. & Countercl. Intervening Defs. ¶ 34.)  This
Court reformed the Indenture but denied Aristocrat's motion for
judgment on the pleadings. On May 30, 2006, on a subsequent
motion by the Bondholders, this Court issued an Opinion and Order
(the "May 30th Order"), familiarity with which is assumed.  In
that order, this Court issued a declaratory judgment that
Aristocrat, by virtue of its failure to convert the convertible
bonds, was in breach of the Indenture with respect to the
Bondholders except QVT Fund LP ("QVT Fund"), as well as with
respect to certain nonparty bondholders. Aristocrat Leisure
Limited v. Deutsche Bank Trust Co. Ams., et al., No. 04 Civ. 10014

3

(PKL), 2006 U.S. Dist. LEXIS 34709, 2006 WL 1493132 (S.D.N.Y. May 30, 2006).

The Bondholders now move the Court to include QVT Fund in the declaratory judgment this Court granted in the May 30th Order, and the Trustee moves the Court to include certain additional nonparty bondholders (the "Additional Nonparty Bondholders") in that judgment.

## BACKGROUND

In the May 30th Order, this Court held that the Indenture gave the holders of the convertible bonds the right to convert principal due under the bonds into newly-issued ordinary shares of Aristocrat stock. As conditions to Aristocrat's obligation to convert the bonds to equity, the Indenture required that a converting bondholder give effective, irrevocable notice of conversion to the Trustee and tender its interest in the Global Bond, both in accordance with the relevant provisions of the Indenture. 2006 U.S. Dist. LEXIS 34709, at *11, 2006 WL 1493132, at *3. This Court held that the submission of conversion notices to the Trustee constituted effective notice of conversion and that requests to the Depository Trust Company for Deposit/Withdrawal at Custodian ("DWAC") constituted effective tender of interest in the Global Bond. This Court further held that all of the Bondholders except QVT Fund, as well as those nonparty bondholders on whose behalf the Trustee had provided evidence of conversion notices and

4

DWAC requests, had submitted conversion notices and made DWAC
requests. However, Aristocrat did not issue shares to any of
these bondholders, thereby breaching the terms of the Indenture
with respect to the Bondholders except QVT Fund, as well as with
respect to certain nonparty bondholders. 2006 U.S. Dist. LEXIS
34709, at *22, 2006 WL 1493132, at *6. Because the issue had not
then been properly presented, the Court declined to decide whether
Aristocrat was in breach of the Indenture with respect to
intervening defendant QVT Fund. 2006 U.S. Dist. LEXIS 34709, at
*25, 2006 WL 1493132, at *7. The Court also made no determination
with respect to those nonparty bondholders on whose behalf no
evidence of conversion notices and DWAC requests had been
submitted.

The Bondholders now move the Court to include QVT Fund within
the declaratory judgment it granted with respect to the other
Bondholders, and the Trustee moves the Court to include in that
judgment any of the Additional Nonparty Bondholders that have
satisfied the relevant requirements of the Indenture. Aristocrat
does not oppose the Bondholders' motion and limits its opposition
to the Trustee's motion to a challenge of the Trustee's power to
make such a motion. Both motions amount to motions for the Court
to grant the same judgment it granted on May 30, 2006 on the
Bondholders' motion for summary judgment for a declaration of

breach, but this time with respect to QVT Fund and the Additional
Nonparty Bondholders.

## DISCUSSION

### 1.  Trustee May Bring Action

Aristocrat contends that the Indenture does not empower the
Trustee to sue for a declaration of breach on behalf of nonparty
bondholders and thus that the Trustee may not make the instant
motion.  Aristocrat's reading of the Indenture is overly
restrictive.

An indenture trustee derives its duties and powers from the
terms of the indenture. See Meckel v. Continental Resources Co.,
758 F.2d 811, 816 (2d Cir. 1985); Fleet Nat'l Bank v. Trans World
Airlines, Inc., 767 F. Supp. 510, 513 (S.D.N.Y. 1991)("It is
axiomatic that the powers of an indenture trustee are limited to
those specifically articulated in the indentures themselves.")
Section 4.05 of the Indenture grants the Trustee the power to
bring on behalf of any bondholders "any proceedings involving the
interpretation of any provision of [the] Indenture." (Compl. Ex. A
§ 4.05.) This provision empowers the Trustee to make the current
motion.

The Trustee in its current motion asks the Court to include
certain Additional Nonparty Bondholders in the declaratory
judgment this Court issued on May 30, 2006.  As already discussed,
the proceeding leading to the May 30th Order required that the

6

Court determine the contractual conditions to Aristocrat's obligation to convert the bonds and to determine whether the documents the Trustee submitted on behalf of the bondholders satisfied these conditions by conforming to the relevant provisions of the Indenture. This proceeding thus involved the interpretation of the relevant provisions of the Indenture. See 2006 U.S. Dist. LEXIS 34709, at *12-13, 21-22, 2006 WL 1493132, at *3-4, 6. A motion to include additional parties in the May 30, 2006 judgment necessarily involves the same interpretation of provisions of the Indenture and accordingly is within the powers granted to the Trustee in the Indenture.

Further, Aristocrat has previously acknowledged that the Trustee has the power to represent nonparty bondholders in the adjudication of the bondholders' rights to convert the bonds. In its initial action against the Trustee, Aristocrat sought a declaration that its call for redemption terminated the bondholders' rights to convert their bonds. (See Compl. at 7.) Aristocrat sought to require that the Trustee, and not the individual bondholders, defend the bondholders' right to convert the bonds. Indeed, Aristocrat has even expressly argued that the Trustee is able to represent the bondholders' interests in the adjudication of their rights to convert the bonds. See Aristocrat Leisure Ltd. v. Deutsche Bank Trust Co. Ams., No. 04 Civ. 10014 (PKL), 2005 U.S. Dist. LEXIS 5378, at *8, 2005 WL 751914, at *2

7

(S.D.N.Y. Mar. 30, 2005). (See Pl.'s Conditional Consent to Mot.
For Leave to Intervene at 5-6.)   Thus, Aristocrat now disputes
what it had previously acknowledged.

2.   Standard

     Both the Bondholders' motion and the Trustee's motion are
tantamount to motions for summary judgment.   A court may grant
summary judgment "'only if it can be established that there is
no genuine issue as to any material fact and that the moving
party is entitled to a judgment as a matter of law.'" Opals on
Ice Lingerie v. Body Lines Inc., 320 F.3d 362, 367-68 (2d Cir.
2003)(quoting Int'l Bus. Machs. Corp. v. Liberty Mut. Fire Ins.
Co., 303 F.3d 419, 423 (2d Cir. 2002)); see Fed. R. Civ. P.
56(c).   The relevant substantive law will demonstrate whether a
fact is material for the purposes of summary judgment.   Anderson
v. Liberty Lobby, 477 U.S. 242, 248 (1986).

3.   QVT Fund

     The Bondholders assert that QVT Fund has now too submitted a
conversion notice and made a DWAC request. (See Fu Decl. ¶¶ 3-5,
Ex. A; Singh 2d Decl. ¶¶ 4-5, Exs. A-B.)   In support of these
assertions, the Bondholders have provided the Court with a copy of
the completed and executed conversion notice submitted by QVT Fund
on April 5, 2006. (See Fu Decl. ¶¶ 3-5; Singh 2d Decl. ¶ 4 Ex. A.)
This conversion notice is the same document which, when completed
and executed for the Bondholders other than QVT Fund, satisfied

the Indenture's requirements regarding the submission of notice of

conversion. 2006 U.S. Dist. LEXIS 34709, at *22, 2006 WL 1493132,

at *6; see 2006 U.S. Dist. LEXIS 34709, at *14, 2006 WL 1493132,

at *4.   The Bondholders have also provided the Court with a copy

of the DWAC request that the Depository Trust Company made

available to the Trustee evidencing the tender for conversion on

April 5, 2006 of interest in the Global Bond corresponding to QVT

Fund's conversion notice. (See Fu Decl. ¶¶ 3-5; Singh 2d Decl. ¶ 5

ex. B.)   This copy of the DWAC request is again the same document

that, when submitted with respect to the Bondholders other than

QVT Fund, satisfied the Indenture's requirement regarding the

tender of interest. 2006 U.S. Dist. LEXIS 34709, at *22, 2006 WL

1493132, at *6; see 2006 U.S. Dist. LEXIS 34709, at *14, 2006 WL

1493132, at *4.   Aristocrat does not dispute that QVT Fund

submitted a conversion notice and tendered its interest in the

Global Bond.[1]   This Court has previously held that submission of a

conversion notice and tender of interest in the Global Bond by the

converting bondholder satisfy the conditions to Aristocrat's

obligation to issue shares to the converting bondholder. See 2006

U.S. Dist. LEXIS 34709, at *14, 2006 WL 1493132, at *4.

_____

[1] Aristocrat does now argue that the submission of the conversion notice and
tender of interests are irrelevant to Bondholders' current motion because
they occurred after the Bondholders filed their counterclaims.   However, this
argument ignores this Court's May 30, 2006 holding:   several of the other
Bondholders' conversion notices and DWAC requests, which this Court held to
be valid and effective, also postdate the filing of the counterclaims. See
2006 U.S. Dist. LEXIS 34709, at *14, 2006 WL 1493132, at *4. (See Singh Decl.
Ex. A, Attachs. 6, 7; Singh Decl. Ex. B, Attachs. 33-38, 47, 50, 58.)

9

Accordingly, there is no "genuine issue," Fed. R. Civ. P. 56(c),
as to whether QVT Fund has fulfilled the conditions this Court
previously found to be the conditions to Aristocrat's obligation
to issue shares.

It is undisputed that Aristocrat did not issue new shares to
QVT Fund upon QVT Fund's submission of the conversion notice and
tender of its interest in the Global Bond. (Fu Decl. ¶ 6).  In the
May 30th Order, the Court held that Aristocrat's failure to issue
new shares to the Bondholders except QVT Fund constituted a breach
of the Indenture with respect to each of the Bondholders except
QVT Fund.  2006 U.S. Dist. LEXIS 34709, at *22, 2006 WL 1493132,
at *6.  Because it is undisputed that Aristocrat did not issue
shares to QVT Fund upon QVT Fund's submission of the conversion
notice and tender of its interest in the Global Bond, the
Bondholders are now entitled, as a matter of law, to a judgment
that Aristocrat is in breach with respect to QVT Fund.

## 4.   Additional Nonparty Bondholders

The Trustee asserts that, since the briefing of the motion
for the May 30th Order, certain of the Additional Nonparty
Bondholders have submitted conversion notices and made DWAC
requests.  The Trustee has provided the Court with copies of the
relevant notices of conversion and DWAC requests. (See Singh 2d

Decl. ¶¶ 3-13, Exs. A-J.)[2]  With the exception of Exhibit I to the
Second Declaration of Alec G. Singh, these notices of conversion
are the same documents that this Court previously held satisfied
the Indenture's requirements regarding the submission of
conversion notices.[3] See supra Section 3.  Likewise, the DWAC
requests are the same documents that this Court held satisfied the
Indenture's requirement regarding the tender of interests. Id.
However, of the conversion notices submitted by Additional
Nonparty Bondholders, only the one attached to the Second
Declaration of Alec G. Singh as Exhibit G is filled out to conform
to the Indenture's requirement that the conversion notice "contain
the name, address, nationality of the person to be registered" as
the holder of the shares to be issued. (Compl. Ex. A § 13.02). See
2006 U.S. Dist. LEXIS 34709, at *12, 2006 WL 1493132, at *4.  Thus
only with respect to that conversion notice and the corresponding
DWAC request is there no genuine issue as to whether that
Additional Nonparty Bondholder has satisfied the notice and tender
conditions of the Indenture.

       The Trustee has not directed the Court's attention to any
evidence in the record that would indicate that Aristocrat has
failed to issue shares to any Additional Nonparty Bondholders —

---

[2] The Trustee has also provided copies of two additional conversion notices
which it does not claim are effective (see Singh 2d Decl. ¶¶ 14-15) and which
the Court will accordingly disregard.

[3] The significance of Exhibit I to the Second Declaration of Alec G. Singh is
unclear.  Because the Trustee does not claim that it is an effective notice
of conversion, the Court will disregard the exhibit.

11

let alone to the Additional Nonparty Bondholder whose documents are presented as Exhibit G to the Second Declaration of Alec G. Singh — after any such bondholder submitted its conversion notice and made a DWAC request. The Court's review of the record has not revealed any such evidence either. Instead, the Trustee relies on Aristocrat's admission, from the time of the briefing of the motion resulting in the May 30th Order, that Aristocrat had then not issued any shares to any converting bondholders. This admission predates the submission of the conversion notices and DWAC requests that the Trustee has provided with its current motion and so sheds no light on whether Aristocrat failed to issue shares upon the Additional Nonparty Bondholders' attempts to convert. As discussed previously, it was Aristocrat's failure to issue shares to converting bondholders that constituted the breach in the May 30th Order. Because it has not shown that Aristocrat has failed to perform its obligation, the Trustee has not shown that it is entitled to a judgment as a matter of law.

## CONCLUSION

For the forgoing reasons, Intervening Defendants' motion to include QVT Fund in the declaratory judgment rendered by this Court on May 30, 2006 is granted, and the Trustee's motion to include certain Additional Nonparty Bondholders in that declaratory judgment is denied.

12

**SO ORDERED.**

New York, New York
November  2  , 2006

                                   _____
                                             U.S.D.J.

Copies of this Memorandum Order have been mailed to:

Mark C. Hansen, Esq.
Kellogg, Huber, Hansen, Todd, Evans, & Figel, PLLC.
1615 M Street, N.W., Suite 400
Washington, D.C.   20036

Charles S. Gilman, Esq.
Cahill Gordon & Reindel LLP
80 Pine Street
New York, New York 10005

Evan A. Davis, Esq.
Cleary Gottlieb Steen & Hamilton LLP
One Liberty Plaza
New York, New York 10006