UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



ARISTOCRAT LEISURE LIMITED,

        Plaintiff,

- against -

DEUTSCHE BANK TRUST COMPANY
AMERICAS, as Trustee,

        Defendant,

KBC FINANCIAL PRODUCTS UK LTD,
KBC ALPHA MASTER FUND SPC KBC
CONVERTIBLE OPPORTUNITIES
FUND, KBC ALPHA MASTER FUND
SPC KBC MULTI-STRATEGY
ARBITRAGE FUND, AMARANTH LLC,
ALEXANDRA GLOBAL MASTER FUND,
LTD., UFJ INTERNATIONAL PLC,
DEEPHAVEN INTERNATIONAL
CONVERTIBLE TRADING, LTD.,
CALAMOS ADVISORS LLC ON BEHALF
OF CALAMOS GROWTH AND INCOME
FUND, CALAMOS GLOBAL GROWTH
AND INCOME FUND AND CERTAIN
OTHER INSTITUTIONAL CLIENTS,
CQS CONVERTIBLE AND
QUANTITATIVE STRATEGIES
MASTER FUND LTD., D.E. SHAW
INVESTMENT GROUP, LLC, D.E.
SHAW VALENCE INTERNATIONAL,
INC, QVT FUND LP, LEHMAN
BROTHER INTERNATIONAL (EUROPE),
DEUTSCHE BANK AG, LONDON
BRANCH,

        Intervening Defendants.

**OPINION AND ORDER**

04 Civ. 10014 (PKL)

**APPEARANCES**

KELLOGG, HUBER, HANSEN, TODD, EVANS & FIGEL, P.L.L.C.
Mark C. Hansen, Esq.
Michael K. Kellogg, Esq.
Mark L. Evans, Esq.
Antonia M. Apps, Esq.
1615 M Street, N.W., Suite 400
Washington, D.C.  20036

Attorneys for the Plaintiff


CAHILL GORDON & REINDEL L.L.P
Charles S. Gilman, Esq.
Laura C. Fraher, Esq.
Jeffrey W. Eldridge, Esq.
80 Pine Street
New York, New York 10005
Oreste P. McClung, Esq.

Attorneys for the Trustee

**LEISURE, District Judge:**

This action arises out of a May 31, 2001 Indenture ("Indenture") between Aristocrat Leisure Limited ("Aristocrat") and Bankers Trust Company, now known as Deutsche Bank Trust Company Americas, as Trustee ("Trustee"), pursuant to which Aristocrat issued $130 million in convertible bonds. Currently before this Court is the Trustee's motion for summary judgment, whereby the Trustee seeks an Order: (i) granting summary judgment in favor of the Trustee on the issue of the Trustee's entitlement to compensation, reimbursement, and indemnification as prayed for in the Trustee's counterclaim against Aristocrat; (ii) allowing the Trustee to apply to the Court for the quantification of this entitlement at the end of the case, if the parties cannot agree as to the amount of fees; and (iii) recognizing that this Order is without prejudice to Aristocrat's right to challenge the quantum or amount of the Trustee's said entitlement.

Although the Trustee seeks relief by way of motion, Aristocrat and the Trustee agree that the Trustee is entitled to compensation, reimbursement, and indemnification pursuant to the Indenture. They also agree that the issue of the Trustee's entitlement to fees should be addressed separately from the question of the quantification of those fees, or the reasonableness of any fees requested. Unfortunately, Aristocrat

and the Trustee have been unable to execute a stipulation memorializing these agreements because they dispute whether, as a matter of law, the Trustee is entitled to compensation, reimbursement, and indemnification for legal fees, costs, and expenses that it might incur in the future. The Court rejects Aristocrat's contention that the Trustee is precluded from recovering any future fees or costs. Accordingly, the Trustee's motion for summary judgment is GRANTED in its entirety.

## BACKGROUND

The facts and allegations have been described at length in the Court's prior decisions in this action. See Aristocrat Leisure Ltd. v. Deutsche Bank Trust Co. Ams., No. 04 Civ. 10014, 2007 U.S. Dist. LEXIS 9521 (S.D.N.Y. Feb. 5, 2007) (Leisure,J.); Aristocrat Leisure Ltd. v. Deutsche Bank Trust Co. Ams., No. 04 Civ. 10014, 2007 U.S. Dist. LEXIS 9517 (S.D.N.Y. Feb. 5, 2007) (Leisure,J.); Aristocrat Leisure Ltd. v. Deutsche Bank Trust Co. Ams., No. 04 Civ. 10014, 2006 U.S. Dist. LEXIS 80055 (S.D.N.Y. Nov. 2, 2006) (Leisure, J.); Aristocrat Leisure Ltd. v. Deutsche Bank Trust Co. Ams., No. 04 Civ. 10014, 2006 U.S. Dist. LEXIS 34709 (S.D.N.Y. May 30, 2006); Aristocrat Leisure Ltd. v. Deutsche Bank Trust Co. Ams., 426 F. Supp. 2d 125 (S.D.N.Y. 2005); Aristocrat Leisure Ltd. v. Deutsche Bank Trust Co. Ams., No. 04 Civ. 10014, 2005 U.S. Dist. LEXIS 16788 (S.D.N.Y. Aug. 12, 2005); Aristocrat Leisure Ltd. v. Deutsche Bank Trust Co.

Ams., No. 04 Civ. 10014, 2005 U.S. Dist. LEXIS 5378 (S.D.N.Y. Mar. 30, 2005). As such, the Court only discusses those facts relevant to the instant motion for summary judgment.[1]

Aristocrat commenced this action as a declaratory action against the Trustee, seeking a declaration that Aristocrat was entitled to redeem the convertible bonds issued pursuant to the Indenture, without allowing the owners of those bonds (the "Bondholders") to convert their bonds into Aristocrat shares. (Compl. ¶¶ 20-22.) Shortly after Aristocrat commenced this action against the Trustee, the Bondholders intervened as defendants in this action, in order to represent themselves and dispute Aristocrat's interpretation of the Indenture. (See Docket No. 6.) In addition, at the outset of this litigation the Trustee asserted a counterclaim against Aristocrat, claiming it was entitled to compensation, reimbursement, and indemnification pursuant to the terms of the Indenture. (Trustee's 56.1 ¶ 1.)[2] Aristocrat initially denied that it had any obligation to the Trustee, contending that the Trustee acted

---

[1] Unless otherwise noted, the facts referenced in this Opinion and Order are undisputed, and the Court only cites to one source for that information.

[2] Citations to "Trustee's 56.1" refer to the Trustee's Statement of Material Facts Pursuant to Local Rule 56.1 In Support of Its Motion for Partial Summary Judgment on Contractual Claims for Compensation, Reimbursement And Indemnification, dated February 12, 2007. Citations to "Aristocrat's Counter 56.1" refer to Aristocrat Leisure Limited's Response to the Trustee's Statement of Material Facts Pursuant To Local Civil Rule 56.1, dated March 5, 2007. Finally, citations to "Trustee's Ex." refer to the exhibits attached to the Affidavit of Charles A. Gilman In Support Of The Trustee's Motion For Partial Summary Judgment On Contractual Claims For Compensation, Reimbursement And Indemnification, sworn to on February 9, 2007.

3

with gross negligence, bad faith, or willful misconduct. (Id. ¶ 17.) However, after the close of discovery, Aristocrat informed the Court that it was withdrawing its defense of bad faith, gross negligence, and willful misconduct, thereby resolving the entitlement issue. (Id. ¶ 19; Trustee's Ex. 13.)

In connection with the instant motion, it is undisputed that Aristocrat paid the Trustee $130 million for the principal owed on the bonds, $129.5 million of which was distributed to the Bondholders, and the balance was deposited with the Court. (Trustee's 56.1 ¶ 10.) Similarly, the parties agree that Aristocrat made interest payments in the amount of $9,750,000, which the Trustee deposited with the Court. (Id. ¶ 11.)

This motion requires the Court to analyze the provisions of the Indenture that obligate Aristocrat to compensate the Trustee for expenses incurred in connection with its duties as Trustee. Section 5.06 of the Indenture provides in relevant part, that Aristocrat must

> pay or reimburse the Trustee and each predecessor Trustee upon its request for all reasonably documented expenses, disbursements and advances properly incurred or made by or on behalf of it in accordance with any of the provisions of this Indenture (including the reasonable compensation and the reasonably documented expenses and disbursements properly incurred of its counsel and of all agents and other Persons not regularly in its employ) except any such expense, disbursement or advance as may

4

> arise from its gross negligence, bad faith or willful misconduct.

(Trustee's Ex. 3, § 5.06.)  Section 5.06 of the Indenture further provides that the Trustee will be indemnified for any loss, liability or expense incurred "including the reasonably documented costs and expenses properly incurred [in] defending itself." (Id.)

Other relevant provisions of the Indenture include Sections 5.01(c)(4) and 4.03.  Specifically, Section 5.01(c)(4) of the Indenture provides that "no provision of this Indenture shall require the Trustee to expend or risk its own funds or otherwise incur any financial liability in the performance of any of its duties hereunder, or in the exercise of any of its rights or powers."  Moreover, Section 4.03 explains that in addition to any principal or interest payments that Aristocrat must pay to the Trustee for the Bondholders' benefit, Aristocrat

> shall pay or cause to be paid such further amount as shall be sufficient to cover the reasonably documented costs and expenses of collection incurred, including compensation to the Trustee and each predecessor Trustee, their respective agents, attorneys and counsel, and any documented expenses and liabilities incurred, and reasonably documented advances made, by the Trustee and each predecessor Trustee except as a result of their gross negligence or willful misconduct.

(Trustee's Ex. 3, § 4.03.)

5

## DISCUSSION

To resolve the instant motion for summary judgment, the Court must determine whether the Indenture allows the Trustee to recover fees or expenses incurred through the "end of the case," as the Trustee requests, or whether the Indenture limits any further recovery for the Trustee given the Trustee's current role in this action.

I. Applicable Law

"It is a well-established rule in this Circuit that the 'interpretation of Indenture provisions is a matter of basic contract law.'" Jamie Sec. Co. v. The Limited, Inc., 880 F.2d 1572, 1576 (2d Cir. 1989) (citing Sharon Steel Corp. v. Chase Manhattan Bank, N.A., 691 F.2d 1039, 1049 (2d Cir. 1982), cert. denied, 160 U.S. 1012 (1983)).[3] Thus, as in all breach of contract disputes, "'a motion for summary judgment may be granted only where the agreement's language is unambiguous and conveys a definite meaning.'" Am. Home Assurance Co. v. Hapag Lloyd Container Linie, GmbH, 446 F.3d 313, 316 (2d Cir. 2006) (quoting Sayers v. Rochester Tel. Corp. Supplemental Mgmt. Pension Plan, 7 F.3d 1091, 1094 (2d Cir. 1993)).

---

[3] Pursuant to the Indenture, New York law governs this dispute. (See Trustee's Ex. 3, § 14.06 ("This Indenture and the Bonds shall be construed in accordance with and governed by the laws of the State of New York without giving effect to applicable principles of conflicts of law to the extent that the application of the law of another jurisdiction would be required thereby.").)

6

II. Application

Here, the parties each contend that the clear terms of the Indenture support their position. The Trustee asserts that under the terms of the Indenture it has the right to defend itself in this action, including any appeals taken in this action, and to receive compensation for any costs incurred in that capacity. (Trustee's Mot. 10; Trustee's Reply 2.) Moreover, the Trustee suggests that it still needs to distribute funds and notices to the Bondholders, and these obligations are compensable under the Indenture. (See Trustee's Reply 2.) As such, the Trustee argues that Aristocrat's attempt to cut off potential indemnification now, rather than at the end of the case, is contrary to the clear and unambiguous terms of the Indenture. (Trustee's Mot. 10.)

In opposition, Aristocrat argues that since the principal has been paid to the Bondholders, the interest payments have been paid to the Court, and the Bondholders have intervened and are represented by capable counsel in this action, the Trustee has no further duties under the Indenture, and no role in continuing to litigate this case. (Aristocrat's Opp'n 2.) As such, Aristocrat contends that the Trustee cannot properly incur costs and fees within the meaning of Section 5.06 of the Indenture. (Id. at 3.) Aristocrat also argues that the Trustee has no further duties in connection with any principal or

7

interest payments, and therefore the Trustee is not entitled to any further compensation under Section 4.03 of the Indenture. (Id. at 2-3.)

After reviewing Sections 4.03, 5.01 and 5.06 of the Indenture, this Court agrees with the Trustee that the clear and unambiguous language of this Indenture does not allow Aristocrat to declare that any future costs, fees, or expenses are not recoverable. Specifically, Section 4.03 requires Aristocrat to compensate the Trustee for "any reasonably documented costs and expenses of collection incurred," and it does not limit the Trustee's right to receive compensation for expenses associated with those collections merely because principal and interest payments were made to the Trustee or to the Court. (See Trustee's Ex. 3, § 4.03.) If the Trustee later proves that it incurred costs and expenses associated with collection after it distributed or deposited the principal payments and interest payments, such as by sending notices to the Bondholders, those expenses could be recoverable under the Indenture. Similarly, Sections 5.01 and 5.06 provide for the Trustee's compensation for any expenses incurred in performing its duties under the Indenture, and for expenses the Trustee might incur in defending itself; the Indenture provisions do not impose a time limit on recoverable expenses.

Thus, given the clear language of the Indenture, even if Aristocrat is ultimately correct that the Trustee will not incur any additional, recoverable expenses under the Indenture, the Court will not preemptively declare that any expenses and legal fees that the Trustee may later incur are improper as a matter of law.  If the Trustee seeks compensation for expenses that Aristocrat considers unnecessary or duplicative of work performed by the Bondholders' counsel (Aristocrat Opp'n 2-3), Aristocrat will have an opportunity to challenge the reasonableness of such expenses at the time reimbursement is requested.  As such, Aristocrat's request for this Court to deny any expenses that the Trustee might later demand is premature.[4]

---

[4] Nothing in this decision precludes the Trustee and Aristocrat from resolving the amount Aristocrat currently owes the Trustee, without prejudice to any additional expenses, fees, and costs that the Trustee later reasonably incurs.

9

## CONCLUSION

For the foregoing reasons, the Trustee's motion for summary judgment is GRANTED. The Court hereby: (i) grants partial summary judgment in favor of the Trustee, pursuant to Federal Rule of Civil Procedure 56(d), on the issue of the Trustee's contractual entitlement to compensation, reimbursement, and indemnification; (ii) allows the Trustee to apply to the Court for the quantification of this entitlement, if the parties fail to agree on the amount of fees, at the end of the case; and (iii) orders that nothing in this Opinion and Order prejudices Aristocrat's right to challenge the quantum or amount of the Trustee's entitlement to compensation, reimbursement, or indemnification.

**SO ORDERED.**

New York, New York
April 27th, 2009

_____
U.S.D.J.

Copies of this Opinion and Order have been e-mailed to:

Mark C. Hansen, Esq.
Kellogg, Huber, Hansen, Todd, Evans, & Figel, PLLC.
1615 M Street, N.W., Suite 400
Washington, D.C.  20036

Charles S. Gilman, Esq.
Cahill Gordon & Reindel LLP
80 Pine Street
New York, New York 10005

Evan A. Davis, Esq.
Cleary Gottlieb Steen & Hamilton L.L.P
One Liberty Plaza
New York, New York 10006

James I. McClammy, Esq.
Davis Polk & Wardwell
450 Lexington Avenue
New York, New York 10017