UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------- x
ARISTOCRAT LEISURE LIMITED,

        Plaintiff and
        Counterclaim Defendant,

    - against -

DEUTSCHE BANK TRUST COMPANY
AMERICAS, as Trustee,

        Defendant and
        Counterclaim Plaintiff,

DEUTSCHE BANK AG, LONDON
BRANCH,

        Intervening Defendant
        and Counterclaim
        Plaintiff.

----------------------------------------- x

Case No. 04 CV 10014 (PKL)
ECF CASE

**DEUTSCHE BANK AG, LONDON BRANCH'S MEMORANDUM OF LAW IN
OPPOSITION TO ARISTOCRAT LEISURE LIMITED'S MOTION
REGARDING COMPLIANCE WITH WITHHOLDING TAX OBLIGATIONS**

James P. Rouhandeh
James I. McClammy
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
(212) 450-4000
Attorneys for Deutsche Bank AG,
London Branch

Dated: August 9, 2010

Deutsche Bank AG, London Branch ("DBAGL") respectfully submits this memorandum in opposition to Aristocrat Leisure Limited's ("Aristocrat") motion regarding compliance with withholding tax obligations (the "Withholding Tax Motion"). DBAGL also joins in, and expressly incorporates herein by reference, the opposition to the Withholding Tax Motion submitted by the Intervening Defendants other than DBAGL (the "Intervening Defendants' Opposition Brief").

As set forth in the Intervening Defendants' Opposition Brief, Aristocrat: (i) has failed to establish that non-resident Bondholders[1] such as DBAGL are even subject to interest withholding tax under Australian law; (ii) is obligated under the terms of the Indenture to make such additional payments to Bondholders as would have been received if no such tax had been imposed; and (iii) must pay damages to Bondholders to compensate them for any withholding tax imposed on pre-judgment interest as a result of its breach of the terms of the Indenture.

In an apparent effort to excuse the shortcomings in its submissions, Aristocrat claims in its moving brief (see pp. 2, 11) that all or most of the Bondholders should be entitled to a 100% tax credit under tax treaties between Australia and the Bondholders' home countries. Contrary to Aristocrat's contentions, DBAGL will receive little to no benefit from any such provisions. As a bank, certain tax rules requiring, among other things, the deduction from income of allowable expenses will mean that any credit allowed will be nil or negligible at best. Additionally, DBAGL has carried forward losses that will serve to offset income, also resulting in there being no benefit from any

---

[1] Capitalized terms not otherwise defined herein shall have the meaning assigned to them in the Intervening Defendants' Opposition Brief.

tax credit that might be available for withheld taxes. The fact that DBAGL and other Bondholders will experience a tangible impact and thus suffer prejudice further supports holding Aristocrat not only to the express terms of the Indenture, but also to its burden to establish that taxes are in fact owed under applicable Australian law.

As set forth in the Intervening Defendants' Opposition Brief, when the Bonds were issued by Aristocrat, Aristocrat took advantage of certain provisions in the Australian tax laws that allowed it to raise funds from foreign sources with the expectation that it would be on a withholding tax free basis. (Intervening Def. Opp. Br. § I.) Now, having reaped the benefits provided by Australian tax law, Aristocrat inexplicably and belatedly argues that interest awarded as a result of its breach of the terms governing the Bonds somehow is subject to Australian withholding tax and Aristocrat is relieved of its obligations to make additional payments in respect of such taxes under Section 3.10 of the Indenture. Aristocrat, however, provides no basis for the Court to rule in its favor and, as a result, its motion should be denied.[2]

---

[2] To the extent that Aristocrat argues the taxes it now seeks to withhold are merely part of the cost of doing business, the Indenture and the Offering Memorandum make it clear that it is Aristocrat, not the Bondholders, that was to bear such costs. (See Intervening Def. Opp. Br. § I.) To the extent that Aristocrat may now assert that Bondholders are liable for taxes on prejudgment interest just as they would be liable for taxes if Aristocrat had delivered the conversion shares and the Bondholders had realized gains, this to is refuted by statements in the Offering Memorandum. (See Offering Memorandum at 116 (noting that non-resident investors are only subject to Australian capital gains tax in very limited circumstances).)

## CONCLUSION

For the foregoing reasons and for the reasons set forth in the Intervening Defendants' Opposition Brief that have been incorporated herein, DBAGL respectfully requests that the Court deny the Withholding Tax Motion and direct that Aristocrat may not withhold any purported tax on prejudgment interest from DBAGL's damages award.

Dated:  New York, New York
        August 9, 2010

                            Respectfully submitted,

                            DAVIS POLK & WARDWELL LLP
                            Attorneys for Deutsche Bank AG,
                            London Branch

                            By: _____
                                James P. Rouhandeh (JR-2251)
                                James I. McClammy (JM-5592)

                            450 Lexington Avenue
                            New York, New York  10017
                            Tel:  (212) 450-4000
                            Fax:  (212) 701-5800

3